**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS A. DRAZIN,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 10-cv-01763** |
| | : | |
| **MICHAEL CHAVONES, et al.** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                        **September 28, 2012**

This case involves an allegedly fraudulent transaction between Plaintiff and his

veterinarian over a horse.  This case was originally transferred from the United States

District of New Jersey on April 20, 2010, based upon the Defendant's residency in

Pennsylvania.  After the case was transferred, Defendant Chovanes filed a motion to

dismiss on the basis that Plaintiff has failed to state a claim of fraud, misrepresentation,

and/or professional negligence. (Doc. No. 17). For the reasons stated below, I will deny

Defendant's motion to dismiss.

### I.      Background

Plaintiff, Dennis A. Drazin, brings this action against Defendant, Michael

Chovanes, a veterinarian living in Pennsylvania, as well as an unknown Defendant, Jane

Doe, doing business as "Classic Bloodstock" and "XYZ Thoroughbreds," who is a citizen

of Maryland.  (Compl. at ¶¶ 1-4).

Plaintiff owned a thoroughbred racehorse named Two Punch-Morning Tease,

which he consigned to Fasig-Tipton Yearling Sale.   (Compl. at ¶¶ 5-6).  Defendant

Chovanes acted as Plaintiff's veterinarian and provided services to Plaintiff and his consigner. (Compl. at ¶ 7). Defendant Chovanes informed the Plaintiff that his horse failed a throat examination, which meant that Plaintiff could not sell the horse and that the animal could never be accepted at a two-year old in-training sale. (Compl. at ¶ 8). Specifically, the horse had an abnormality discovered during the endoscopy. (Compl. at Third Count ¶ 5). Plaintiff alleges that based on this examination, Defendant Chovanes said that there was no doubt in his mind that Plaintiff should sell the horse for whatever price he could get because the animal would not pass the throat examination at a two-year old sale. (Compl. at ¶ 10).

Defendant Chovanes then arranged for his girlfriend, Defendant Jane Doe, to purchase the horse for $25,000.00. (Compl. at ¶¶ 10-11). A year later, the Complaint alleges that Defendant Doe sold the same horse for $250,000.00 and the Defendant Chovanes cleared the horse on the throat examination. (Compl. at ¶ 12). Based upon these facts, Plaintiff alleges that Defendant Chovanes fraudulently told the Plaintiff that the horse would not pass the throat inspection in an effort to induce the Plaintiff to sell the horse at a lesser price and then subsequently resell the animal for a substantial profit. (Compl. at ¶¶ 13-14).[1] Plaintiff also alleges that, if not fraudulently, Defendant Chovanes negligently examined Plaintiff's horse, thereby deviating from the accepted standard of veterinary care. (Compl. at Second Count ¶¶ 1-5). This professional negligence

---

[1] In Count One, Plaintiff alleges that the Defendant fraudulently passed the horse despite the throat obstruction. Alternatively, in Count Three, Plaintiff argues that Defendant Chovanes fraudulently represented that the horse had a constricted windpipe. (Compl. at Third Count ¶ 9).

prompted Defendant Chovanes to give negligent advice to sell the horse, upon which Plaintiff relied and subsequently sold the animal.  (Compl. at Second Count ¶¶ 6-8).

## II.     Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

However, allegations of fraud require a higher pleading standard. Fed. R. Civ. P. 9(b).[2] When bringing such a claim in federal court, pleading rules require that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires a party to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (alteration in original) (quoting Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir.2004)). A plaintiff is therefore required to state "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200.

While "allegations of 'date, place or time' fulfill these functions,  . . . nothing in the rule *requires* them.  Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. (emphasis added). In the alternative, a plaintiff may satisfy the stringent pleading restrictions of Fed. R. Civ. P. 9(b) by pleading with a degree of precision or some measure of substantiation into the fraud allegation.  Frederico, 507 F.3d at 200.  The Court of Appeals for the Third Circuit further recognizes that Fed. R. Civ. P. 9(b) may be relaxed when the relevant 'factual information is peculiarly within the defendant's knowledge or control." See EP

---

[2] Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).

Medsystems, Inc. v. EchoCath, Inc., 235 F.3d 865, 882 (3d Cir. 2000).  Importantly, the heightened specificity requirements in Fed. R. Civ. P. 9(b) are intended to "give defendants notice of the claims against them, provide an increased measure of protection for their reputations and reduce [] the number of frivolous suits brought solely to extract settlements."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997).

## III.    Discussion

Defendant Chovanes requests that the court dismiss the Plaintiff's Complaint because the Complaint fails to state a cause of action for all of Plaintiff's claims. Specifically, Defendant argues that Plaintiff has failed to plead the requisite particularity as to his claims of Fraud because he does not allege the "when, where, and how" of the circumstances of the alleged fraud.  Additionally, Defendant Chovanes argues that Plaintiff has not pled a claim for professional negligence because he has not alleged that Defendant Chovanes owed Plaintiff a duty.  Finally, Defendant Chovanes argues that the Plaintiff fails to clearly plead whether the claimed misrepresentation is fraudulent or negligent and should be dismissed.[3]  I will examine each of these arguments below.

---

[3] The parties, again, do not discuss which law is appropriate to apply in this instance; however, a cause of action for negligent misrepresentation is substantially similar in Pennsylvania, New Jersey, and Maryland.  See Martens Chevrolet v. Seney, 292 Md. 328, 337, 439 A.2d 534 (1982); Weisman v. Connors, 312 Md. 428, 540 A.2d 783 (1988).  Negligent misrepresentation involves only four elements: (1) a duty; (2) failure to conform to the standard required; (3) a causal connection between the conduct and the injury; and (4) actual loss or damage.  Bouriez v. Carnegie Mellon, 585 F.3d 765, 771 (3d Cir. 2008) (citing Overall v. Univ. of Pa., 412 F.3d 492, 498) (3d. Cir. 2005)).  Plaintiff alleges that the negligent misrepresentation was made in Defendant's professional capacity as a veterinarian and thus alleged a professional negligence claim. The District Court for the Eastern District of Pennsylvania has noted that the "particularity requirement of Rule 9(b) applies to claims of negligent misrepresentation."  Hanover Ins. Co., v. Ryan, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007).

A. <u>Fraud and Fraudulent Misrepresentation</u>[4]

Generally, fraud consists of any action or conduct that is calculated to deceive, whether by single act or combination or by suppression of the truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word or mouth, or look or gesture.  <u>Tyler v. O'Neill</u>, 994 F. Supp. 603, 612 (E.D. Pa. 1998) (citing <u>Michael v. Shiley, Inc.</u>, 46 F.3d 1316, 1333 (3d Cir. 1995)).  Fraud is proven when "it is shown that the false representation was made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false." <u>Delahanty</u>, 318 Pa. Super. at 108, 464 A.2d at 1252.

Although the Third Circuit has noted that Fed. R. Civ. P. 9(b) "requires plaintiffs to plead with particularity" in order to place the defendants on notice and to safeguard defendants against spurious charges, <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984), it has articulated that plaintiffs at least must allege "who made a misrepresentation to whom and the general content of the misrepresentation." <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 224 (3d Cir. 2004).  The Third

---

[4] In Pennsylvania, the elements of fraudulent representation are (1) a misrepresentation; (2) made with knowledge of its falsity or recklessness as to whether it is true or false; (3) an intent by the maker that the recipient be induced to rely on the misrepresentation; (4) justifiable reliance by the recipient; and (5) damage to the recipient.  <u>First Capital Corporation v. Country Fruit, Inc.</u>, 19 F. Supp. 2d 397, 401 (E.D. Pa. 1998) (citing <u>Gibbs v. Ernst</u>, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994)); <u>Delahanty v. First Pennsylvania Bank, N.A.</u>, 318 Pa. Super. 90, 108, 464 A.2d 1243, 1252 (1983); <u>Krause v. Great Lakes Holdings, Inc.</u>, 387 Pa. Super. at 67, 563 A.2d at 1187.

Although the parties appear to agree that Pennsylvania law applies to the claim of fraudulent misrepresentation, New Jersey law is almost identical as to the elements that must be pled.  Under New Jersey law, fraudulent misrepresentation "consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." <u>DiMare v. MetLife Ins. Co.</u>, 369 Fed. Appx. 324, 2010 U.S. App. LEXIS 4571, 2010 WL 729500, *4 (3d Cir. March 4, 2010) (citing <u>Voilas v. Gen. Motors Corp.</u>, 170 F.3d 367, 376 (3d Cir.1999)).  Further, the elements of proof for fraudulent misrepresentation are (1) false representation; (2) made knowingly or with reckless indifference to truth; (3) for purpose of defrauding person claiming to be injured; (4) who had a right to rely and who did rely upon truth of misrepresentation; (5) and who suffered damage directly resulting from such fraudulent misrepresentation.  <u>Martens Chevrolet, Inc. v. Seney</u>, 292 Md. 328 (Md. 1982).

Circuit has held that Courts must be wary of applying the particularity requirement too strictly, but rather should remember that the Rules of Civil Procedure are intended to be flexible.  See Christidis v. First Pennsylvania Mortg. Trust, 717 F.2d 96, 99-100 (3d Cir. 1983) ("In applying the first sentence of Rule 9(b) courts must be sensitive to the fact that its application, prior to discovery, may permit sophisticated defrauders to successfully conceal the details of their fraud.  Moreover, in applying the rule, focusing exclusively on its 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'") (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, Para. 1298 at 407 (1969)).

In this case, Defendant argues that Plaintiff has failed to plead the elements of his fraud-based claims with any particularity because Plaintiff fails to identify the exact date, time, place, or form in which the alleged misrepresentations were made.  I disagree. Plaintiff has pled fraudulent misrepresentation with sufficient particularity to survive a motion to dismiss.  Plaintiff clearly identifies the Defendant as the individual who made the misrepresentations and himself as the recipient of the misrepresentations.  See, e.g., Killian v. McCulloch, 850 F. Supp. 1239, 1254 (E.D. Pa. 1994) (finding that "the fact that Plaintiffs do not indicate which Defendant made each representation is not fatal to their claim")

Presumably, examining Plaintiff's horse and subsequently arranging the sale of that specific horse is not a routine act for a veterinarian.  Defendants could certainly distinguish between this allegedly fraudulent act and the other instances where Defendant Chovanes examined or helped sell other horses.  Certainly Defendant Chovanes is aware

of whether he took part in the examination and sale and whether he told Plaintiff about the horse's medical issues.  Additionally, as Plaintiff was not present during the sales of his horse, the Defendant is in sole possession of the requisite information he argues Plaintiff is required to plead.  Although Plaintiff does not specify every detail in each instance in which Defendant allegedly passed fraudulent information to third-parties, the Complaint provides the requisite degree of particularity to further the purpose of Rule 9(b)'s heightened pleading requirement.  Plaintiff adequately puts Defendants on notice as to the precise misconduct with which they are charged.

Additionally, I am not inclined to find, on a motion to dismiss on the facts of this case, that it is unreasonable for a veterinarian to anticipate that the owners or future owners of an animal could rely on an examination performed by that veterinarian.  The burden shall remain on the Plaintiffs to show that: (1) Defendant Chovanes did, in fact, misrepresent a material fact; (2) Defendant Chovanes reasonably should have anticipated that Plaintiff would rely on such fact in this case; (3) Plaintiff did, in fact, properly rely on such a fact; and (4) if such misrepresentation was made, what degree of scienter Defendant had when making the statement.  Accordingly, the Court will not dismiss Defendants claims of fraud or fraudulent misrepresentation.

B.  Professional Negligence

Professional negligence actions can be maintained against persons licensed in Pennsylvania or another state as: (1) health care providers are defined in 40 Pa. Cons. Stat. § 1303.503;  (2) accountants; (3) architects; (4) chiropractors; (5) dentists; (6) engineers or land surveyors; (7) nurses; (8) optometrists; (9) pharmacists; (10) physical

therapists; (11) psychologists; (12) veterinarians; or (13) attorneys.  Pa. R. Civ. P. 1042.1.

Specifically, the elements of a professional negligence claim against a veterinarian are: 1)

employment of the veterinarian or other basis for duty; 2) the failure of the veterinarian to

exercise ordinary skill and knowledge; and 3) that such failure proximately caused

damage to the plaintiff.[5]  Leder v. Shinfield, 609 F.Supp 2d 386, 400-01 (E.D. Pa. 2009).

Specifically, the parties argue as to whether Plaintiff has sufficiently set forth the

element that the Defendant owed a duty to the Plaintiff.  In Pennsylvania, a claim for

breach of a professional standard of care must allege that: (1) the defendant acted

negligently or intentionally failed to act in good faith and solely for the benefit of

plaintiff in all matters for which he or she was employed; (2) the plaintiff suffered injury;

and (3) the defendant's failure to act solely for the plaintiff's benefit was a real factor in

bringing about plaintiff's injuries.  Gilmour, 2005 U.S. Dist. LEXIS 1611 at *30; Price v.

Brown, 545 Pa. 216, 223 (Pa. 1996); Hoffa v. Bimes, 2008 PA Super 181 (Pa. Super. Ct.

2008).

In reviewing the Plaintiff's complaint, I find that it alleges that Defendant was

employed by Plaintiff as Plaintiff's veterinarian.  Plaintiff had placed his confidence in

the Defendant to treat his animal and perform the examination.  The complaint further

avers that the Defendant either intentionally or negligently disregarded this relationship

---

[5] Plaintiff argues that he believes Maryland law should apply to the professional negligence claim because that is where the misrepresentation took place.  It appears under Maryland law a claim of professional negligence is pursued as a claim of general negligence aside from those against licensed professionals defined in Md. Courts and Judicial Proceedings Code Ann. § 3-2C-01 (2012). This statute does not include veterinarians.  "It is a fundamental rule that negligence exists only where there is a duty owed by one person to another and a breach of that duty occurs, causing injury." Figueiredo-Torres v. Nickel, 321 Md. 642, 647-648 (Md. 1991) (addressing a professional negligence claim asserted by a husband against his wife's psychologist where the negligence consisted of engaging in sexual intercourse with his patient's wife). However, Plaintiff proceeds without a conflict of law analysis stating, "This point need not be reached however."

when Defendant failed to act in good faith and advised Plaintiff to enter into the transaction of selling the horse, and that as a result of the Defendant's advice the Plaintiffs believed the horse had a throat obstruction with the result that he suffered serious financial harm.  See Mid-Western Elec. v. DeWild Grant Reckert & Assocs. Co., 500 N.W.2d 250 (S.D. 1993) (holding a professional veterinarian's duty runs not only to the owner and seller of tested cattle, but also to the buyer); Limpert v. Bail, 447 N.W.2d 48 (S.D. 1989) (same).  Therefore, I find that a duty has been properly pled by Plaintiff.

However, Plaintiff and Defendant fail to address the necessary certificate of merit ("COM") required under Pennsylvania Law.[6]  PA. R. CIV. P. 1042.3; Holbrook v. Woodham, 2007 U.S. Dist. LEXIS 50966 (W.D. Pa. July 13, 2007).  Under the Pennsylvania Rules of Civil Procedure, plaintiffs alleging that a licensed professional has "deviated from an acceptable professional standard" must submit a certificate of merit within sixty days of filing their complaint.[7]  PA. R. CIV. P. 1042.3. The certificate must

---

[6] In relevant part, PA. R. CIV. P. 1042.3 states:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff . . . shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party[.]

PA. R. CIV. P. 1042.3 (a)(1)-(3)

[7] Under Maryland Law, a certificate of merit or certificate of a qualified expert, appears to be requires on cases subject to C.J. § 3-2C-02(a)(1). Pursuant to C.J. § 3-2C-02(a)(1), "a claim shall be dismissed, without prejudice, if the claimant fails to file a certificate of qualified expert with the court." According to subsection (a)(2) of the section, this statement "shall contain a statement from a qualified expert attesting that the licensed professional against whom the claim is filed failed to meet an applicable standard of professional care," and "be filed within [ninety] days after the claim is filed." A licensed professional however, does not appear to include a veterinarian. See § 3-2C-01 (designating licensed professional as (1) An architect licensed under Title 3 of the Business Occupations and Professions Article; (2) An interior designer certified under Title 8 of the Business Occupations and Professions Article; (3) A landscape architect licensed under Title 9 of the Business Occupations and Professions Article; (4) A professional engineer licensed under Title 14 of the Business Occupations and Professions Article; or (5) A professional land surveyor or property line surveyor licensed under Title 15 of the Business

represent that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.[8]  Id.

The Pennsylvania Supreme Court's decision in Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269 (Pa. 2006) clarifies that the sixty-day deadline for filing a COM will be strictly construed and not lightly excused, while at the same time allowing a late-filing plaintiff to set out certain equitable considerations as would constitute a "reasonable

---

Occupations and Professions Article); Heritage Harbour v. John J. Reynolds, 143 Md. App. 698, 708 (Md. Ct. Spec. App. 2002). Thus, under Maryland law a COM is not required.

However, pursuant to  N.J. Stat. § 2A:53A-27

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

Additionally, a veterinarian is considered a licensed professional under New Jersey Law.  N.J. C.2A:53A-26.

[8] It is notable that if a cause of action depends upon expert testimony for elucidation, it is one of professional negligence and Rule 1042.3 requires a certificate of merit. Varner v. Classic Cmtys. Corp., 890 A.2d 1068, 1074-75 (Pa. Super. Ct. 2006).  However, where negligence is within the jury's common understanding and requires no expert testimony, plaintiff has alleged only ordinary negligence and Rule 1042.3 does not apply.  Id.

explanation or legitimate excuse" for noncompliance under Pa. R. Civ. P. 3051. See also

Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 510-12 (E.D. Pa. 2004).

If Pennsylvania law applies, the Court must dismiss Plaintiff's Amended

Complaint to the extent that it alleges Defendant Chovanes' deviation from professional

standards of conduct.  Because Rule 1042.3 is subject to equitable considerations,

Plaintiff will be given the opportunity to provide a reasonable explanation or legitimate

excuse for their noncompliance with the requirements of that rule.  Womer v. Hilliker,

589 Pa. 256, 908 A.2d 269, 277-78 (Pa. 2006).  However, Plaintiff must clearly show that

the demands of equity favor reinstatement of their professional negligence claims in

accordance with Womer.  However, if Maryland law applies, it appears that the COM is

not required and would not have the effect of dismissal.  Based on the foregoing, I will

deny Defendant's motion to dismiss the professional negligence claim.  Defendant will

be permitted to raise the COM issue at a later time when sufficient facts are in the record

to determine whether Pennsylvania or Maryland law applies.  In the event that

Pennsylvania law applies, Plaintiff will be granted leave to make a proper showing that

equity so requires the professional negligence claim not be dismissed.

## IV.    Conclusion

For the reasons set forth above, I will deny Defendant's motion to dismiss.

An appropriate Order follows.